**Opinion issued May 11, 2023**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-22-00420-CR**

_____

**MICHAEL J. GORE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 209th District Court**
**Harris County, Texas**
**Trial Court Case No. 1473833**

---

**MEMORANDUM OPINION**

After appellant, Michael Jermaine Gore, pleaded guilty to the felony offense of compelling prostitution, the trial court deferred adjudication of appellant's guilt and placed him on community supervision for ten years. The State, alleging numerous violations of the conditions of appellant's community supervision,

subsequently moved to adjudicate guilt. Appellant pleaded "True" to the allegations in the State's motion to adjudicate guilt. On December 7, 2018, in accordance with appellant's plea agreement with the State, the trial court signed a judgment adjudicating guilt and sentenced appellant to twelve years' imprisonment. Appellant, acting pro se, filed a notice of appeal on May 20, 2022. The State has filed a motion to dismiss the appeal for want of jurisdiction. We grant the motion and dismiss the appeal.

In criminal cases, the appellant must file a notice of appeal "within 30 days after the day sentence is imposed." TEX. R. APP. P 26.2(a)(1). Because the judgment appealed was signed on December 7, 2018, appellant's May 20, 2022 notice of appeal was filed years after the deadline. If an appeal is not timely perfected, then a court of appeals does not obtain jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal. *See Slaton v. State,* 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Because appellant's notice of appeal was untimely, we lack jurisdiction over this appeal. *See* TEX. R. APP. P. 25.1.

Moreover, in a plea-bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. TEX. CODE CRIM. PROC. art. 44.02; TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP.

P. 25.2(d); *see Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). Here, the clerk's record supports the trial court's certification that this is a plea-bargain case and that appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d); *Dears*, 154 S.W.3d at 615. Because appellant has no right of appeal, we must dismiss this appeal without further action. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we grant the State's motion and dismiss this appeal for lack of jurisdiction. We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Kelly and Goodman.

Do not publish. TEX. R. APP. P. 47.2(b).